# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3544/3993

_____

| | | |
|---|---|---|
| Burlington Northern and Santa Fe Railway Company, a Delaware corporation, | * * * * | |
| Appellant, | * * | |
| v. | * | |
| | * | Appeals from the United States |
| State Tax Commission, Missouri; | * | District Court for the |
| Van E. Donley, member of the | * | Western District of Missouri |
| Missouri State Tax Commission; | * | |
| Bruce E. Davis, member of the | * | |
| Missouri State Tax Commission; | * | |
| Douglas W. Burnett, member of | * | |
| the State Tax Commission, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: April 19, 1999

Filed: September 1, 1999

_____

Before McMILLIAN, LOKEN and MURPHY, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Burlington Northern & Santa Fe Railway Co. (BNSR) appeals from two final orders entered in the United States District Court[1] for the Western District of Missouri, one denying BNSR's application for preliminary injunction and the other granting summary judgment in favor of the Missouri State Tax Commission (the State). See Burlington Northern and Santa Fe Ry. v. State Tax Comm'n, Case No. 98-0760-CV-W-5 (Burlington I) (E.D. Mo. Sept. 2, 1998) (Order Denying Plaintiff's Motion for Preliminary Injunction); id. (Burlington II) (Nov. 20, 1998) (Order Granting Defendant's Motion for Summary Judgment). In this consolidated appeal, BNSR argues that the district court erred in finding that the Missouri personal property tax as applied to BSNR's rolling stock did not discriminate against BNSR in violation of § 603(1)(d) of the Railroad Revitalization and Regulatory Reform Act of 1976 (4R Act), codified at 49 U.S.C. § 11503(b)(4). For the reasons discussed below, we affirm.

Jurisdiction in the district court was proper based upon 49 U.S.C. § 11501(c). Jurisdiction in the court of appeals is proper based upon 28 U.S.C. § 1292(a)(1) and 28 U.S.C. § 1291.

### BACKGROUND

The State assesses personal property taxes on property owned by individuals and corporations in the State.[2] However, the State exempts from taxation that personal property which is "in transit through [the] state." MO. REV. STAT. § 137.910 (1994). The statute defines personal property subject to the exception as personal property which: (a) is moving through or over Missouri in interstate commerce or (b) is stored

---

[1] The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

[2] The State does not assess real estate, money, and personal items in the home for personal property taxes.

in a warehouse in Missouri while awaiting shipment to another destination out of state. See id.

The controversy in this case arose when the State assessed BSNR's Missouri personal property at $132,990,958.00 for tax year 1998.[3] This assessment included a valuation of BNSR's rolling stock--train cars and locomotives--at $38,389,041.00, which corresponds to approximately $2,000,000.00 in property taxes. The State makes similar personal property tax assessments on the "instrumentalities" of transport on airlines, individual rail cars owners, truck lines based in Missouri, and boat or barge owners who reside in Missouri, i.e., airplanes, rail cars, trucks, and boats or barges.

BNSR initiated this action in federal district court seeking injunctive and declaratory relief. BNSR argued that the rolling stock is personal property moving in interstate commerce, which should be exempt from Missouri personal property taxes under § 137.910, and that the State's failure to exempt it constituted discrimination in violation of § 11503(b)(4). The district court denied BNSR's motion for preliminary injunction finding that BNSR had not met its burden to prove the State had violated § 11503(b)(4) or that it was likely to do so. See Burlington I, Slip op. at 18-19. BNSR filed an interlocutory appeal to this court. One month after denying the preliminary injunction, the district court sua sponte transformed the State's motion for judgment on the pleadings into a motion for summary judgment. After hearing from a witness for the Commission, the district court granted the State's motion for summary judgment, finding that the tax assessment of the rolling stock did not discriminate against BNSR. See Burlington II at 27-28. BNSR timely appealed. This court consolidated BNSR's two appeals.

---

[3] The State assessed the value of BNSR's Missouri personal property by taking a percentage of the value of all the railroad's property which corresponded to the amount of the railroad's property that could reasonably be allocated to the State.

## DISCUSSION

### A

We review a denial of a motion for preliminary injunction for abuse of discretion or clear error. See United Industries Corp. v. Clorox Co., 140 F.3d 1175, 1179 (8th Cir. 1998). We review the grant of summary judgment de novo, applying the same standard as the district court. See United States v. Scherping, No. 98-2009, 1999 WL 600469 at *3 (8th Cir. Aug. 11, 1999) (citing Dillon v. Yankton Sioux Tribe Housing Authority, 144 F.3d 581, 583 (8th Cir.1998)). Summary judgment is proper when, viewed in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party would be entitled to judgment as a matter of law. See id. (citing Fed. R. Civ. P. 56(c)).

Applying these standards of review, we conclude that the district court did not abuse its discretion in denying BNSR's motion for preliminary injunction nor did it err in granting summary judgment for the State. We will combine our discussion of the two appeals because the facts, legal arguments, and analysis are substantially the same.

### B

BNSR argues that the State discriminated against it in violation of § 11503(b)(4) when it refused to apply the § 137.910 exception to the general personal property tax to BNSR's rolling stock. BNSR contends that its rolling stock falls within the exemption because it is personal property moving in or through interstate commerce, and that the State's decision not to include it within the exception constituted discriminatory taxing of a railroad because the State did not assess the personal property in interstate commerce of other industries. We disagree.

The 4-R Act protects railroads from discriminatory State taxation. It was passed to "eliminate the long-standing burden on interstate commerce resulting from

-4-

discriminatory State and local taxation of common and contract carrier transportation property." Ogilvie v. State Bd. of Equalization, 657 F.2d 204, 206 (8th Cir. 1981)(quoting the statement of purpose accompanying S. 927, S. Rep. No. 1483, 90th Cong., 2d Sess. 1 (1968), and S. 2289, S. Rep. No. 91-630, 91st Cong., 1st Sess. 1 (1969), both of which dealt with taxation of railroads and were later integrated into the 4-R Act). In particular, § 11503(b)(4) prohibits States from imposing "another tax" which discriminates against railroads. In this case we are not confronted with a specific tax applied only to railroads, but rather BNSR's allegation that the State's failure to apply a tax exemption subjected BNSR to a different taxation scheme than other industries.

In Department of Revenue v. ACF Industries, 510 U.S. 332 (1994) (ACF Industries), the Supreme Court held that "a State may grant exemptions from a generally applicable ad valorem property tax without exposing the taxation of railroad property to invalidation under [§ 11503] (b)(4)." Id. at 339. Confronting the contention that this holding would allow States to evade the 4-R Act and impose discriminatory taxes on railroads as long as it did so through exemptions rather than direct taxation, the Court pointed out that in ACF Industries, the railroad was not taxed "alone or as part of some isolated and targeted group" while all others were exempted. Id. at 345.

In Burlington Northern R. R. v. Bair, 60 F.3d 410 (8th Cir. 1995) (Bair), we had the opportunity to apply the ACF Industries reasoning. In Bair, we held that to determine whether a tax exemption scheme violated the 4-R Act under ACF Industries, the court must compare the "exempt" category with the "general application" category, because if the exempt category is too large, the tax cannot be considered generally applicable. Id. at 412. We concluded that the Iowa tax scheme in question violated § 11503(b)(4) because it subjected railroad property to taxation under a purported tax of general application but exempted nearly all other industries. See id. at 413. As such, the exemption singled out railroads for taxation not imposed on other industries.

-5-

Thus, our inquiry here turns on whether the State singles out railroad property for taxation because it exempts all or nearly all other personal property from taxation under § 137.910. BNSR compares the State's treatment of the rolling stock with the State's treatment of other industries' personal property in interstate commerce. Because the majority of personal property in interstate commerce is exempted from the personal property tax under § 137.910, BNSR contends that the personal property tax cannot be considered a tax of general application as applied to such industries. The State contends that the personal property tax is a tax of general application because it applies to all personal property in the State and because § 137.910 is a limited exception that applies only to a small portion of taxable personal property.

As we noted above, Missouri assesses all personal property in the State for tax purposes. Section 137.910(1) exempts personal property that is in interstate commerce. We do not believe that the exemption of goods in interstate commerce or for resale in another state is sufficiently broad to swallow the general personal property tax. Thus, the taxation of personal property is still a tax of general application under Bair, despite the § 137.910 exception. Furthermore, we do not believe that the State's decision not to exempt BNSR's rolling stock under § 137.910(1) constitutes discriminatory taxation of a railroad in violation of § 11503(b)(4). Here, the State has chosen not to exempt the "instrumentalities" of interstate commerce--such as BNSR's rolling stock–which do the actual carrying of goods in or over Missouri in interstate commerce--under § 137.910(1). We note that the State does not single out railroads with this policy, because it also taxes airplanes, individual rail cars, and Missouri-based trucks and boats or barges, even though, under BNSR's reasoning, these too should be exempted. This group is large enough to satisfy us that the State did not attempt to single out railroads for different taxation than other industries. See ACF Industries, 510 U.S. at 345; Bair, 60 F.3d at 412.

-6-

CONCLUSION

Because the State's action does not single out railroads for discriminatory taxation, we hold that there was no 4-R Act violation. Accordingly, we affirm the denial of preliminary injunction relief and the grant of summary judgment in favor of the State.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.